**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARMEN RUDNICK, individually and On behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLCE & GABBANA S.r.l. ,<br><br>Defendant. | Civil Action No. 26-cv-03916-GJP |

**<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

Defendant Dolce & Gabbana S.r.L. ( "Dolce & Gabbana"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for an Order dismissing with prejudice the Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff Carmen Rudnick ("Plaintiff"), and in support thereof states as follows:

1. On or about March 2, 2026, Plaintiff filed her Amended Class Action Complaint in the Court of Common Pleas of Chester County, Pennsylvania, asserting claims under the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. § 5701 *et seq.* (Count I); intrusion upon seclusion (Count II); and breach of contract (Count III).

2. Defendant timely removed this action to this Court. Defendant now moves to dismiss Plaintiff's Amended Complaint in its entirety under Rule 12(b)(2) for lack of personal jurisdiction, or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3. As set forth in the accompanying Memorandum of Law, this Court lacks personal jurisdiction over Dolce & Gabbana under the Third Circuit's decision in *Hasson v. FullStory, Inc.*, 114 F.4th 181 (3d Cir. 2024). Dolce & Gabbana did nothing more than offer a nationally accessible retail website that happened to also be accessible in Pennsylvania. Plaintiff's claims do not arise out of or relate to Dolce & Gabbana's contacts with the Commonwealth, and Dolce & Gabbana did not purposefully aim any allegedly tortious conduct at the Commonwealth.

4. Alternatively, Plaintiff's claims should be dismissed for failure to state a claim for which relief can be granted. Plaintiff's WESCA claim fails because she does not plausibly allege the interception of any "contents" of an electronic communication; her intrusion upon seclusion claim fails because her voluntary interactions with a public retail website during which she disclosed no sensitive or embarrassing information (and does not even allege what she "disclosed" at all) is not "highly offensive" as a matter of law; and her breach of contract claim fails because no contract was formed, no consideration was exchanged, and no cognizable damages are alleged.

WHEREFORE, Defendant respectfully requests that this Court enter an Order: (a) dismissing Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(2); or (b) in the alternative, dismissing Plaintiff's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6); and (c) granting such other and further relief as the Court deems just and proper.

A Memorandum of Law in support of this Motion is filed herewith and incorporated herein by reference.

Respectfully submitted,

Dated: July 10 , 2026

**BLANK ROME LLP**

*/s/ Philip Yannella*
Philip Yannella
Glen L. Abramson
Maya Bradley
One Logan Square
Philadelphia, PA 19103-6998
Phone: (215) 569-5500
Email: philip.yannella@blankrome.com
glen.abramson@blankrome.com
maya.bradley@blankrome.com

*Attorneys for Defendant Dolce & Gabbana S.r.L.*